UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GREATER HOUSEWARE INC.,                          :
                                                 :
                              Plaintiff,         :    REPORT AND
                                                 :    RECOMMENDATION
          -against-                              :
                                                 :    No. 23-CV-08029-DG-JRC
ZOHAR INVESTMENT VENTURES LLC,                   :
                                                 :
                              Defendant.         :
                                                 :
------------------------------------------------------------------ x
JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Greater Houseware Inc. ("Greater Houseware" or "plaintiff") brings this diversity action for breach of contract against defendant Zohar Investment Ventures LLC ("Zohar" or "defendant") for failing to deliver more than $100,000 worth of goods, which Greater Houseware purchased from Zohar in June 2023.  *See* Dkt. 1 ("Compl.").  Currently before this Court, on referral from the Honorable Diane Gujarati, is plaintiff's motion for default judgment against defendant Zohar.  *See* Order Referring Mot. dated Feb. 29, 2024.  For the reasons set forth below, this Court respectfully recommends granting plaintiff's motion and awarding plaintiff:  (1) $107,238.76 in damages; (2) pre-judgment interest on the foregoing amount, accruing at a rate of 9 percent per annum from the date of each of the alleged breaches through the date judgment is entered; and (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

## Background

      The following facts are taken from the Complaint (Dkt. 1) and assumed to be true for purposes of this motion.  Plaintiff Greater Houseware is a New York business corporation domiciled in and residing in New York, with a principal place of business in Kings County, New York.  *See* Compl. ¶ 2, Dkt. 1 at ECF page[1] 1.  Defendant Zohar is a Florida limited liability

---

[1] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

company, with a principal place of business at 19901 E. Country Club Drive, Building 2, Unit 102, Miami, Florida.  *See* Compl. ¶ 3, Dkt. 1 at ECF page 1.  Karen (a/k/a Keren) Zohar, the sole member of Zohar, is domiciled and resides in Florida.  *Id*.

In June 2023, Greater Houseware ordered more than $100,000 worth of goods from Zohar that Zohar subsequently failed to deliver.  *See* Compl. ¶ 1, Dkt. 1 at ECF page 1.  On June 22, 2023, Greater Houseware ordered $37,844.66 worth of personal care products from Zohar (the "June 22 Purchase").  *See* Compl. ¶¶ 4, 7.  Greater Houseware placed similar orders on June 26, 2023 (the "June 26 Purchase") and June 28, 2023 (the "June 28 Purchase," and collectively with the June 22 Purchase and June 26 Purchase the "June Purchases"), in the amounts of $33,181.60 and $36,212.50, respectively. *See id*. ¶¶ 10, 16.  Greater Houseware paid the invoices for the June Purchases in full[2] and in each instance was assured that the products would be delivered within one week.  *See id*. ¶¶ 5–6, 11–12, 17–18.  Zohar failed to deliver any of the June Purchases.  *See* Compl. ¶¶ 7, 13, 19.  Greater Houseware has repeatedly demanded that Zohar either deliver the products ordered in June 2023 or return the money that Greater Houseware paid for these orders ($107,238.76 in total).  *See* Compl. ¶¶ 8, 14, 20, 25.  Zohar has done neither, despite making assurances that it would return the money.  *See* Compl. ¶ 22.

On October 27, 2023, plaintiff filed a Complaint against Zohar.  *See* Compl., Dkt. 1.  Zohar was served through its registered agent on November 1, 2023, and its response to the Complaint was due November 22, 2023.  *See* Dkt. 5; *see also* New York State Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 311(1) (corporations may be served by delivering the summons "to an officer, director, managing or general agent . . . or to any agent authorized by appointment or by law to receive service").  Zohar failed to appear in this action and failed to respond to the Complaint.

---

[2] Plaintiff paid for the June 22 Purchase on June 23, 2023 (Compl. ¶ 6); plaintiff paid for the June 26 Purchase on June 27, 2023 (*id*. ¶ 12); and plaintiff paid for the June 28 Purchase on June 28, 2023 (*id*. ¶ 18).

2

Upon plaintiff's application and Zohar's failure to appear or otherwise defend this action, the Clerk of the Court noted the default of Zohar on December 5, 2023. *See* Clerk's Entry of Default, Dkt. 7. On February 28, 2024, plaintiff moved for default judgment. *See* Mot. for Default J., Dkt. 8.

## Discussion

### I. Personal and Subject Matter Jurisdiction

As an initial matter, this Court notes that it has both personal and subject matter jurisdiction over the present action. Specifically, this Court has personal jurisdiction over defendant Zohar under New York's long-arm statute because this cause of action arises from Zohar's contractual promise to "supply goods or services in the state" of New York. *See* N.Y. C.P.L.R. § 302(a)(1) (New York's long-arm statute provides that a court "may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."); *see also Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010) ("A district court's personal jurisdiction is determined by the law of the state in which the court is located."). Under New York law, a single transaction is sufficient to establish specific personal jurisdiction "provided the relevant claims arise from that transaction." *See Miler v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 42 (E.D.N.Y. 2019) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999)).

Further, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff Greater Houseware is a citizen of New York and defendant Zohar is a citizen of Florida, Compl. ¶¶ 2–3, Dkt. 1 at ECF page 1, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### II. Default Judgment Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. The

Rule sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of the Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is non-discretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of the Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2).

Here, on December 5, 2023, the Clerk of the Court entered default against defendant Zohar after it failed to appear or otherwise respond to the pleadings in this action. *See* Dkt. 7. To date, defendant has not appeared or moved to vacate the entry of default.

When evaluating a plaintiff's application for a default judgment, "a court is required to accept all of [plaintiff]'s factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." (internal quotation marks and citation omitted)).

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State*

4

*St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil*, 10 F.3d at 96). Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." *Enron Oil*, 10 F.3d at 95–96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party. *See id*. at 95–96. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because a defendant is in default. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Finkel*, 577 F.3d at 84 (after default the "court is required to accept all of the [plaintiff]'s [well-pleaded] allegations as true and draw all reasonable inferences in its favor."). A fact is not considered "well-pleaded," however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice . . . or is contrary to uncontroverted material in the file of the case." *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotation marks and citations omitted). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus*

5

*Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

Here, Zohar did not respond to the Complaint despite proper service. Plaintiff also filed affidavits confirming service of the motion for default judgment, this Court's Order scheduling a hearing on the motion, and the minute entry for the conference. *See* Dkts. 9, 11, 12. Zohar has nonetheless failed to respond to plaintiff's motion for default judgment or otherwise appear in this action. Accordingly, this Court recommends finding that Zohar's failure to answer or otherwise respond to the Complaint constitutes an admission of the factual allegations therein, and now proceeds to consider whether those facts establish Zohar's liability.

**III.    Choice of Law**

Because this is a diversity action, the Court must consider which state's law governs the breach of contract claim at issue in this action. To do so, this Court applies New York's choice-of-law rules. *See Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151 (2d Cir. 2013) ("a federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which that court sits"). Under New York's choice-of-law rules, this Court must "determine whether there is an 'actual conflict' between the laws invoked by the parties." *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 419 (2d Cir. 2001). The relevant jurisdictions implicated in this case are New York, where plaintiff resides and where the goods procured through the contract were to be delivered, and Florida, where defendant has its principal place of business.

Here, because the parties have not raised choice of law as an issue, "it can be said that they have consented to the application of the forum state's law." *Mangual v. Pleas*, No. 02-CV-8311, 2005 WL 2179083, at *2, n.1 (S.D.N.Y. Sept. 8, 2005); *see also Jin Young Chung v. Yoko Sano*, No. 10-CV-2301, 2011 WL 1303292, at *7 (E.D.N.Y. Feb. 25, 2011), *report and recommendation adopted sub nom. Jin Yung Chung v. Sano*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011) (applying New York law where plaintiff "ha[d] not taken any position" on the choice-of-law issue and

defendant defaulted). Further, plaintiff implicitly consented to the application of New York state law by assuming that the substantive law of New York should apply. *See* Mem. of Law in Support of Pl.'s Mot. for Default J. ("Pl.'s Mem."), Dkt. 8-14 at 7 (referring to New York's choice-of-law rules and proceeding to state the requirements for breach of contract under New York law); *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (finding that where "[t]he parties' briefs assume that New York law controls, . . . such implied consent [] is sufficient to establish choice of law" (internal quotation marks and citation omitted)); *see also Henneberry v. Sumitomo Corp. of Am.*, No. 04-CV-2128, 2005 WL 991772, at *5, n.3 (S.D.N.Y. Apr. 27, 2005) ("Where the parties so assume, the Court need not address choice of law *sua sponte*."). Because plaintiff consents to the application of New York law, and defendant, by virtue of its default, does not oppose its application, the Court finds that New York law governs this action.[3]

## IV. Liability for Breach of Contract

To establish liability on a motion for default judgment, the uncontested allegations, as set forth in the Complaint and taken as true, must establish valid claims. *See Ferrara v. PJF Trucking LLC*, No. 13-CV-7191, 2014 WL 4725494, at *7 (E.D.N.Y. Sept. 22, 2014) ("Although Defendant's default constitutes an admission of all the factual allegations in the Complaint as they

---

[3] The Court notes that Florida law contains an additional element for breach of contract claims: that the breach be material. *See Abbott Lab'ys, Inc. v. Gen. Elec. Capital,* 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000); *Havens v. Coast Fla., P.A.,* 117 So. 3d 1179, 1181 (Fla. Dist. Ct. App. 2013). A breach is material when the breach "go[es] to the essence of the contract" and is "the type of breach that would discharge the injured party from further contractual duty on his part." *Eclectic Synergy, LLC v. Seredin*, 347 So. 3d 27, 29 (Fla. Dist. Ct. App. 2022) (quoting *JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co.*, 292 So. 3d 500, 509 (Fla. 2d DCA 2020)). Because Zohar failed to perform any of its duties under the purchase agreements, defendant materially breached the agreements. Even assuming Florida law governed, for the reasons set forth in Section IV, above, and given the material breach, the Court finds defendant liable for breach of contract. Thus, there is no "true conflict" between the laws of New York and Florida as applied to the present action, and the Court may bypass the choice-of law analysis. *Simon v. Philip Morris Inc.*, 124 F. Supp. 2d 46, 71 (E.D.N.Y. 2000) ("A court is free to bypass the choice of law analysis and apply New York law in the absence of a material conflict.").

relate to liability, Plaintiffs must nevertheless demonstrate that the uncontested allegations set forth valid claims."). "To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (internal quotation marks and citation omitted).

Here, the well-plead allegations in the Complaint, accepted as true, establish Zohar's liability for breach of contract. First, plaintiff established that the parties entered into enforceable agreements on June 22, June 26, and June 28, 2023. *See* Compl. ¶¶ 4, 10, 16; Dkts. 8-3, 8-5, 8-7. Second, plaintiff performed its obligations under the agreements by paying the full invoice amounts for the June Purchases in a timely manner. *See* Compl. ¶¶ 6, 12, 18; Dkts. 8-4, 8-6, 8-8. Third, Zohar failed to ship the goods ordered in the June Purchases despite having received full payment for the goods. *See* Compl. ¶¶ 7, 13, 19. Finally, plaintiff alleges that because of Zohar's breaches, plaintiff suffered losses reflected in the amount that it paid to Zohar. *See id.* ¶ 25. The Court, therefore, concludes that plaintiff has properly alleged breach of contract claims based on Zohar's failure to deliver the June Purchases or repay the amount that Greater Houseware paid for those orders.

## V.     Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Because the extent of the damages pleaded by a plaintiff is not deemed to be established by the default, the Court must conduct 'an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Trustees of Loc. 7 Tile Indus. Welfare Fund v. All Flooring Sols., LLC*, No. 19-CV-126, 2020 WL 9814088, at *3 (E.D.N.Y. Feb. 12, 2020) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*,

8

183 F.3d 151, 155 (2d Cir. 1999)).  A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

Having found that the Complaint establishes Zohar's liability for breach of contract, the Court now addresses the damages plaintiff is entitled to recover for that claim.  Under New York law, it is well settled that "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 384 (2d Cir.2006)).  New York law also permits a party to recover reliance damages, *i.e.*, the costs it incurred as a result of its expectation that the other party would perform its duties under the contract.  *See Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 98 F. Supp. 3d 600, 605 (E.D.N.Y. 2015), *aff'd*, 646 F. App'x 25 (2d Cir. 2016) (explaining that "reliance damages are about restoration and strive to place [injured parties] in the same position as they were prior to the execution of the contract" (alteration in original) (internal quotation marks and citation omitted)).

Here, the Court finds that plaintiff Greater Houseware has met its burden of establishing the damages it seeks.  Specifically, Greater Houseware made three wire transfers to Zohar based on its understanding that Zohar would ship the promised goods within one week of purchase.  *See* Compl. ¶¶ 5-6, 11-12, 17-18.  Greater Houseware further provided proof of such payment with its default judgment motion papers.  *See* Dkts. 8-4, 8-6, 8-8.  Because plaintiff has provided a sufficient evidentiary basis to establish plaintiff's damages, this Court does not need to conduct an inquest hearing.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("Rule 55 (b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest

9

on damages." (citation omitted)). Accordingly, the Court respectfully recommends awarding plaintiff reliance damages in the amount of **$107,238.76**, the amount it paid defendant for the June Purchases that defendant subsequently failed to deliver.

The Court further recommends awarding plaintiff pre- and post-judgment interest. Under New York law, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991). In breach of contract cases, pre-judgment interest begins to accrue "from the time of the breach" and accrues at the statutorily prescribed rate of 9 percent per annum. *See ADI Glob. Distribution v. Green*, No. 20-CV-03869, 2023 WL 3355049, at *6 (E.D.N.Y. Apr. 24, 2023), *report and recommendation adopted*, 2023 WL 3346499 (E.D.N.Y. May 10, 2023); N.Y. C.P.L.R. § 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."); N.Y. C.P.L.R. § 5001 ("Interest shall be computed from the earliest ascertainable date the cause of action existed . . . ."). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001. "Courts applying N.Y. C.P.L.R. § 5001 have 'wide discretion in determining a reasonable date from which to award pre-judgment interest.'" *Fermin v. Las Delicias Peruanas Rests., Inc*, 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir.1994)). Pre-judgment "interest is calculated using the simple rate, not a compounded rate." *Id.*

Here, plaintiff calculates pre-judgment interest separately for each of the June Purchases (Counts I, II, and III in the Complaint). *See* Pl.'s Mem. at 9 ("Plaintiff is entitled to be awarded statutory pre-judgment interest at the New York 9% rate from the date of breach *of each agreement* through the date of entry of judgment." (emphasis added)). Plaintiff maintains that pre-judgment interest on each of the June Purchases began to accrue one week following the date of each

purchase—the date when defendant promised to deliver the purchased products (*i.e.*, June 29, 2023, for the June 22 Purchase; July 3, 2023, for the June 26 Purchase; and July 5, 2023, for the June 28 Purchase). In this context, the Court adopts plaintiff's approach and the Court finds that the dates of breach occurred one week after the date of each purchase for purposes of calculating pre-judgment interest. *See Fermin*, 93 F. Supp. at 49 (courts have "wide discretion" to determine a "reasonable date from which to award pre-judgment interest"). The Court, therefore, recommends awarding Greater Houseware pre-judgment interest of 9 percent on the sums paid for the June Purchases, beginning from: (1) June 29, 2023, for the June 22 Purchase; (2) July 3, 2023, for the June 26 Purchase; and (3) July 5, 2023, for the June 28 Purchase. *See* Pl.'s Mem. at 9; Decl. of Yaakov Einhorn ¶¶ 9, 15, 21, Dkt. 8-2. The Court agrees with the calculation of the daily pre-judgment interest amounts set forth in plaintiff's motion papers, *see* Pl.'s Mem. at 9; Decl. of Joel H. Rosner ¶ 11, Dkt. 8-9, and recommends that the Court award pre-judgment interest as follows:

- <u>For the June 22 Purchase</u>: pre-judgment interest at a daily rate of $9.33/day,[4] which began to accrue on June 29, 2023;

- <u>For the June 26 Purchase</u>: pre-judgment interest at a daily rate of $8.18/day,[5] which began to accrue on July 3, 2023; and

- <u>For the June 28 Purchase</u>: pre-judgment interest at a daily rate of $8.93/day,[6] which began to accrue on July 5, 2023.

Post-judgment interest is similarly required by law. *See* 28 U.S.C. § 1961(a); *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008) (noting that in a diversity case, post-judgment interest is "governed by federal statute" and that award of post-judgment interest is "mandatory"). Accordingly, once judgment is entered, plaintiff is entitled to post-judgment interest at the federal

---

[4] ($37,844.66 x 0.09) / 365 = $9.33/day.
[5] ($33,181.60 x 0.09) / 365 = $8.18/day.
[6] ($36,212.50 x 0.09) / 365 = $8.93/day.

11

statutory rate pursuant to 28 U.S.C. § 1961(a).

The Court, therefore, recommends awarding plaintiff **$107,238.76** in damages, as well as pre-judgment interest as set forth above and post-judgment as required by law.

## Conclusion

For the foregoing reasons, the Court respectfully recommends granting plaintiff's motion for default judgment against defendant Zohar Investment Ventures LLC and awarding plaintiff **$107,238.76** in damages on plaintiff's claims for breach of contract, as well as pre-judgment interest as set forth above, and post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail on defendant and to file proof of service on ECF by **September 4, 2024**. Any objections to the recommendations made in this Report must be filed with the Honorable Diane Gujarati within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 13, 2024**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
       August 30, 2024

                                      s/ James R. Cho
                                      James R. Cho
                                      United States Magistrate Judge